_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00333-FWS-JDE | Date: April 12, 2023 |
| Title: Anthony P. Veltri v. Rockler Companies, Inc. *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

After review of the Complaint and Notice of Removal (Dkts. 1, 4), the court previously issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Dkt. 11 ("Order")). Plaintiff has since filed a response indicating Plaintiff agrees that this court lacks subject matter jurisdiction over this action (Dkt. 14), and one of the Defendants in this action filed a statement indicating it consented to removal (Dkt. 15).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted).

A defendant may remove a civil action brought in state court to federal court only if the federal court may exercise original jurisdiction over it. *See* 28 U.S.C. § 1441(a). The removal statute is strictly construed against federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00333-FWS-JDE | Date: April 12, 2023 |
| Title: Anthony P. Veltri v. Rockler Companies, Inc. *et al.* | |

The Complaint asserts four causes of action exclusively under state law against eight entities named as Defendants. (*See generally* Dkt. 4.) The Notice of Removal contends this court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). (*See* Dkts. 1, 2.)

As stated in the Order, (Dkt. 11 at 1), diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). "[T]he core principle of federal removal jurisdiction on the basis of diversity" is that "it is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

As noted in the Order, (Dkt. 11 at 1), Defendants' citizenships are insufficiently pleaded. Neither the Notice of Removal nor the Complaint names the specific entity form of seven of the entity Defendants in this action. (*See generally* Dkts. 1, 4.) The Complaint states only that Defendant Delta Power Equipment, Corp. is a South Carolina Corporation. (*See generally* Dkt. 1.) The Notice of Removal provides a single state or foreign country of citizenship for each Defendant but provides no detail or facts supporting those assertions. (*See* Dkt. 4 ¶¶ 3-8.) These allegations are insufficient under the governing standards. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). The court does not

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00333-FWS-JDE | Date: April 12, 2023 |
| Title: Anthony P. Veltri v. Rockler Companies, Inc. *et al.* | |

observe another basis for its subject matter jurisdiction present in the Complaint or Notice of Removal, (Dkts. 1, 4), and the parties do not assert otherwise.[1]

    Because court lacks subject matter jurisdiction over this action, the court **REMANDS** this case to California Superior Court, County of Orange.  28 U.S.C. § 1447(c).

    **IT IS SO ORDERED.**

                                        Initials of Deputy Clerk:  mku

---

[1] Defendant Delta Power Equipment, Corp.'s consent to removal is irrelevant.  Parties cannot consent to federal subject matter jurisdiction.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 n. 21 (1978).